IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOUIS FASULLO, Inmate #R30073,    )
                                  )
                Plaintiff,        )
                                  )
vs.                               )   CIVIL NO. 06-404-GPM
                                  )
CAROLINA FASULLO, LISA PICKETT,   )
DENA BENNITT, and NICHOL GURSKI,  )
                                  )
                Defendants.       )

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTUAL ALLEGATIONS

Based on Plaintiff's statement of claims, the Court has gleaned the following.  While Plaintiff was hospitalized for an unspecified illness, his mother (Defendant Fasullo) and her friend told a doctor that Plaintiff needed mental health treatment.  Plaintiff claims that his mother lied to the doctor so that he might be treated for mental illness, even though there was nothing wrong with him.  He states that he was confined in the Tinley Park Mental Health Center for thirty days but was released after a judge "found that [he] wasn't crazy."  Plaintiff states that his mother "had the doctors strap me down to a bed and I wasn't even resisting."  Plaintiff states that the other women listed in the caption "are females in another state that I need to sue to get parentage."

## LEGAL STANDARDS

On the form complaint filed by Plaintiff, Plaintiff indicates that he intends to bring this action pursuant to the Federal Tort Claims Act.  The Federal Tort Claims Act, however, is for claims against the United States of America for torts committed by its employees or officers.  *See* 28 U.S.C. § 2675(a).  Nowhere in the complaint does Plaintiff allege that his mother, or the other Defendants, acted on behalf of the United States.  Accordingly, Plaintiff has failed to state a claim under the Federal Tort Claims Act.

Similarly, Plaintiff could not bring this action against the named Defendants pursuant to 42 U.S.C. § 1983 because Plaintiff's mother and the other Defendants are not state actors.

> To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and

> must show that the alleged deprivation was committed by a person acting under color of state law. . . .
>
> . . .
>
> The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

*West v. Atkins*, 108 U.S. 42, 49 (1988), *citing United States v. Classic*, 313 U.S. 299, 326 (1941). Consequently, Plaintiff has failed to state a federal claim under either legal theory, and the action must be **DISMISSED**. *See* 28 U.S.C. § 1915A.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: 12/12/06

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
Chief United States District Judge
