IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LOUIS FASULLO, Inmate #R30073,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 06-404-GPM |
| ) | |
| **CAROLINA FASULLO, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action comes before the Court on Plaintiff's motions for notice and an opportunity to respond (Doc. 18), for hearing of objection (Doc. 19), and for objection (Doc. 20).

### PROCEDURAL BACKGROUND

Plaintiff filed his complaint in the action on May 26, 2006, against his mother for her involvement in his receiving treatment for mental illness and against three other defendants who, according to Plaintiff, "are females in another state that I need to sue to get parentage." On December 12, 2006, the Court completed its threshold review of the action pursuant to 28 U.S.C. § 1915A and found the action legally frivolous because Plaintiff had not stated a claim under either the Federal Tort Claims Act (which applies only to officers and employees of the United States) or 42 U.S.C. § 1983 (which applies only to persons acting under color of state law). Accordingly, the Court dismissed the action (Doc. 16). *See* 28 U.S.C. § 1915A.

### MOTION FOR OBJECTION

In the motion for objection (Doc. 20), Plaintiff urges that the treatment of his case before the

Court was unfair and asks the Court to allow a trial in the matter on his perceived meritorious claims. Plaintiff also states his belief that the error that caused his complaint to be dismissed was because he named and thereby proceeded under the wrong statute.

Plaintiff's motion is essentially a motion to reconsider the Court's order dismissing his case. Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit Court of Appeals has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on December 12, 2006, and Plaintiff states that he mailed the motion on December 17, 2006, within the 10-day period. *See* FED. R. CIV. P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915A was correct. Plaintiff's case was not dismissed because he filed it

under the wrong statute, it was dismissed because the claims he brought are not cognizable in federal court. Federal courts hear cases brought under the Constitution and statutes of the United States, and, under circumstances not applicable here, between parties of different states. Plaintiff has no avenue for relief in this Court under state tort law. "The federal government is not the enforcer of state law." *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Therefore, the instant motion (Doc. 20) is **DENIED**. The Court makes no finding as to the merits of any potential state law claims that Plaintiff may have that may be brought in the courts of the state of Illinois.

### MOTION FOR HEARING OF OBJECTION

In this motion (Doc. 19), Plaintiff asks that he be granted a hearing on his objections to the dismissal of his complaint. Because the Court has denied the motion objecting to the dismissal of his case, the motion for hearing on those objections (Doc. 19) also is **DENIED**.

### MOTION FOR NOTICE AND AN OPPORTUNITY TO RESPOND

In this motion (Doc. 18), as best the Court can tell, Plaintiff seeks service of process in the action. Because the case has been dismissed, the Court will not order service of process on Defendants. Therefore, Plaintiff's motion (Doc. 18) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  01/17/07

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
Chief United States District Judge