## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUIS FASULLO, Inmate #R30073, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO.  06-404-GPM |
| | ) |
| CAROLINA FASULLO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Currently pending before the Court are Plaintiff's motions for relief from judgment (Doc. 29), for hearing on the motion for relief from judgment (Doc. 30), for notice of clerical mistakes (Doc. 31), to amend or correct the pleading (Doc. 32), to amend the complaint (Doc. 33), objecting to the dismissal of the case (Doc. 36), for hearing on the motion objecting to the dismissal of the case (Doc. 37), and a second motion for leave to appeal *in forma pauperis* (Doc. 39).

On December 12, 2006, the Court dismissed this action as frivolous pursuant to 28 U.S.C. § 1915A and entered judgment against Plaintiff (Docs. 16 and 17).  On January 3, 2007, Plaintiff filed a notice of appeal in the action (Doc. 23).  The filing of the notice of appeal has transferred jurisdiction over this matter to the United States Court of Appeals for the Seventh Circuit.  "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995),

*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "Just as the notice of

appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court.

Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is

a nullity." *Kusay*, 62 F.3d at 193, *citing United States v. Wells*, 766 F.2d 12, 19 (1st Cir. 1985);

*Zaklama v. Mt. Sinai Medical Center*, 906 F.2d 645, 649 (11th Cir. 1990); 16 Charles Alan Wright,

Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice & Procedure § 3949 at

359 (1977). Consequently, this Court is without jurisdiction to consider Plaintiff's motions for relief

from judgment (Docs. 29 and 31), to amend or correct the pleadings (Docs. 32 and 33), and

objecting to the dismissal of the case (Doc. 36), as well as the motions seeking hearings on these

motions (Docs. 30 and 37). Accordingly, all of these motions (Docs. 29, 30, 31, 32, 33, 36, and 37)

are **DISMISSED** for lack of jurisdiction.[1]

Also pending before the Court is Plaintiff's second motion for leave to appeal *in forma*

*pauperis* (Doc. 39). The Court already has denied Plaintiff's first motion (Doc. 23) to proceed *in*

*forma pauperis* on appeal (*see* Doc. 34). Because this second motion is filed on a form provided by

the Seventh Circuit Court of Appeals, this Court believes that Plaintiff intends to request *in forma*

*pauperis* status from the Court of Appeals not from this Court.

Accordingly, **IT IS ORDERED** that Plaintiff's second motion for leave to appeal *in forma*

---

[1] *Griggs* notes an important limitation on the rule that just one court at a time possesses jurisdiction:  the doctrine applies only to "those aspects of the case involved in the appeal." A district court therefore may award attorneys' fees while the merits are on appeal, *Terket v. Lund*, 623 F.2d 29, 33-34 (7th Cir.1980), and may consider whether to grant permanent injunctive relief while an appeal from a preliminary injunction is pending*, Chrysler Motors Corp. v. International Workers Union*, 909 F.2d 248, 250 (7th Cir. 1990). A district court may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause. *Chicago Truck Drivers Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 119-20 (7th Cir. 1991); *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990). However, Plaintiff's motion is not such an "ancillary question."

*pauperis* (Doc. 39) is **TRANSFERRED** to the Seventh Circuit Court of Appeals for ruling.

Finally, a word about the status of the case is in order.  Plaintiff has filed motion after motion in this action requesting that the Court reconsider its dismissal of the action.  The Court has heretofore entertained a number of these motions and has unequivocally denied Plaintiff's first request for reconsideration of the judgment (Doc. 28).  All told, Plaintiff has filed fourteen post-judgment motions.  Plaintiff must cease filing motions in this action.  **This case is <u>CLOSED</u>**.  As noted above, the Court lacks jurisdiction to consider any motions filed while the case is on appeal.

**IT IS SO ORDERED.**

DATED:  03/06/07

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge