IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LOUIS FASULLO, Inmate #R30073,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-404-GPM** |
| ) | |
| **CAROLINA FASULLO,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action was dismissed as frivolous pursuant to 28 U.S.C. § 1915A on December 12, 2006. On January 3, 2007, Plaintiff filed a notice of appeal in the action. On May 24, 2007, the Court of Appeals for the Seventh Circuit dismissed the appeal because Plaintiff failed to pay the required docketing fee. Currently pending before the Court are Plaintiff's post-appeal motions for redress of grievances (Doc. 47), for judicial notice (Doc. 48), and to appoint counsel (Doc. 49).

Throughout the pendency of this action, Plaintiff has filed motion after motion seeking judgment in his favor. The Court has denied each of these motions. On March 6, 2007, while dismissing five motions for lack of jurisdiction while the case was on appeal, the Court warned Plaintiff to stop filing motions in this closed case. This warning has not had its intended deterrent effect. Despite the case being dismissed by both this Court and the Court of Appeals, Plaintiff has again filed additional motions.

In the first motion (Doc. 47), captioned "Motion for Redress of Grievance," Plaintiff states that he is deserving of damages against Defendants and requests a trial. In the second motion (Doc.

48), captioned "Judicial Notice," Plaintiff presents a series of questions to the undersigned regarding the dismissal of the action. The Court construes both of these as motions to reconsider the judgment. Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on December 12, 2006, but the instant motions were not filed until May 30, 2007, well after the 10-day period expired. *See* FED. R. CIV. P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes

caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In these motions, Plaintiff merely reiterates the arguments stated in the complaint. This does not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motions (Docs. 47, 48) are **DENIED**.

Plaintiff also seeks appointment of counsel in the action (Doc. 49). As stated above, this action has been dismissed and judgment entered against Plaintiff, and the Court of Appeals dismissed the action on appeal. This case is closed. There is no need for appointment of counsel; the motion is **DENIED**. Plaintiff's incessant filings in this closed case are a strain on valuable judicial resources. Therefore, the Clerk of Court is **DIRECTED** to return unfiled any further motions submitted by Plaintiff challenging the dismissal of this action.

**IT IS SO ORDERED.**

DATED: 6/21/07

s/ G. Patrick Murphy
G. Patrick Murphy
Chief United States District Judge